# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DALE FLYNN, JR.

VERSUS

TANGIPAHOA PARISH RECREATION
DIST. 39A, NORTH TANGIPAHOA
SOCCER ASSOCIATION,
TANGIPAHOA PARISH
GOVERNMENT, THE LOUISIANA
SOCCER ASSOCIATION, JODY
JOHNSON, MICHAEL LARRY
GARAFALO, ABC INSURANCE
COMPANY, DEF INSURANCE
COMPANY, GHI INSURANCE
COMPANY, JKL INSURANCE
COMPANY, MNO INSURANCE
COMPANY, AND PQR INSURANCE
COMPANY

**JUNE 16, 2022**

---

In Re:   North Tangipahoa Soccer Association, The Louisiana
Soccer Association, and National Casualty Company,
applying for supervisory writs, 21st Judicial District
Court, Parish of Tangipahoa, No. 20150000445.

---

**BEFORE:   McDONALD, LANIER, AND WOLFE, JJ.**

**WRIT GRANTED.** The portion of the district court's ruling which denied in part the motion for summary judgment filed by the North Tangipahoa Soccer Association, the Louisiana Soccer Association and National Casualty Company is reversed. Plaintiff asserted claims of direct negligence and vicarious liability against defendants, the North Tangipahoa Soccer Association and the Louisiana Soccer Association (collectively the "Associations"). With regard to the direct negligence claims, a threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. No duty exists to protect against or control the actions of a third party who causes physical injury to another unless a special relationship exists to give rise to such a duty. **Blacklege v. Font,** 2006-1092 (La. App. 1st Cir. 3/23/07), 960 So.2d 99, 103-4. While an argument could be made as to a special relationship vis-à-vis coaches and their players, in this case, we are faced with whether a special relationship exists between an adult coach of one team (plaintiff) and an adult assistant coach (defendant, Michael Larry Garafalo) of the opposing team such that the Associations owed a duty to the adult coach to protect against or control the actions of the adult assistant coach of the other team. We have found no statutory authority or jurisprudence finding that the Associations have a duty to protect against or control the unexpected alleged criminal actions of an assistant coach toward another coach. Moreover, even when such a duty exists, jurisprudence has found it is only when a party has knowledge of, or can be imputed with knowledge of, the third party's intended conduct is the duty to protect invoked. **Fredericks v. Daiquiris & Creams of Mandeville, L.L.C.,** 2004-0567 (La. App. 1st Cir. 3/24/05), 906 So.2d 636, 640, <u>writ denied</u>, 2005-1047

(La.  6/17/05),  904  So.2d  706.  We find it was simply not foreseeable that the Associations were required to protect two adult father-coaches of soccer teams of five and six year old girls from each other, and no evidence of such knowledge, actual or imputed, by the Associations was presented.

With regard to the vicarious liability claims, while it is doubtful that any of the individuals involved, particularly Michael Larry Garafalo, who allegedly physically assaulted plaintiff, were agents of the Associations, there is no dispute that none of these individuals were servants or employees of the Associations.  Pursuant to La. Civ. Code art. 2320, masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the function in which they are employed. However, a principal is not liable for the physical torts of a non-servant agent.  The determination of whether a party may be held vicariously liable for the torts of another depends on whether the tortfeasor is characterized as a servant.   A servant is defined as one employed to perform services in the affairs of another and who is subject to the other's control or right to control with respect to the physical conduct in the performance of the services.  In contrast, a non-servant agent, although a contributor to the business of his master, is not such a part of his master's business that his physical acts and the time to be devoted to the business are subject to control. **Price v. North,** 2021-0236 (La. App. 1st Cir. 10/18/21), 331 So.3d 959, 970-71.

For the foregoing reasons, we find that the Associations have pointed out to the court the absence of factual support for one or more elements essential to plaintiff's claims, and plaintiff has failed to establish the existence of a genuine issue of material fact or that defendants are not entitled to judgment as a matter of law.  The motion for summary judgment filed by defendants, North Tangipahoa Soccer Association, the Louisiana Soccer Association and National Casualty Company, is granted, and the remaining claims of plaintiff, Dale Flynn, Jr., against these defendants are dismissed.

**JMM**
**WIL**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT